Slip Op. 10-114

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                               :
ALL TOOLS, INC.,               :
                               :
            Plaintiff,         :
                               : Before: Richard K. Eaton, Judge
       v.                      :
                               : Court No. 07-00237
UNITED STATES,                 :
                               :
            Defendant.         :
                               :
_____:
```

OPINION

[Defendant's motion for summary judgment granted.]

Dated: October 5, 2010

*Peter S. Herrick*, *P.A.* (*Peter S. Herrick*), for plaintiff.

*Tony West*, Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commericial Litigation Branch, Civil Division, United States Department of Justice, (*Edward F. Kenny*); Office of Assistant Chief Counsel for Import Administration, International Trade Litigation United States Customs and Border Protection (*Chi. S. Choy*), of counsel, for defendant.

Eaton, Judge: This matter is before the court on defendant's motion for summary judgment based on a claimed lack of subject-matter jurisdiction. By its motion, defendant alleges that plaintiff, All Tools, Inc. ("All Tools"), failed to file timely its summons pursuant to 28 U.S.C. § 2636(a)(1) (2006), and therefore failed to establish jurisdiction before this Court. Def.'s Mem. in Support of Mot. for Summ. J. ("Def.'s Mem.") 1. All Tools argues that the deadline for filing its suit was equitably tolled pending Customs' issuance of a protest number,

and therefore its suit is timely.  Pl.'s Mem. in Opp. to Mot. for

Summ. J. ("Pl.'s Mem.") 1.  Because some of the Counts in the

Complaint were untimely filed, and others raise issues not found

in a timely protest, the court grants defendant's motion for

summary judgment and dismisses the case.


                            BACKGROUND

     Summary judgment is appropriate when there are no genuine

issues of material fact and the moving party is entitled to

judgment in its favor as a matter of law.  USCIT R. 56(c).  Here,

none of the material facts are in dispute.  On August 26, 2003,

All Tools, through its customs broker, Mr. Pedro Carmona, entered

a shipment of Chinese-origin painting accessories through the

Port of San Juan, Puerto Rico.  Def.'s Mem. Ex. 1.  Mr. Carmona

completed the entry summary for the merchandise, stating that the

entry included paint brushes classified under HTSUS No.

9603.40.4040 as "Natural Bristle Brushes."  Def.'s Mem. Ex. 1.

Mr. Carmona was listed on the entry summary as the importer of

record.  Def.'s Mem. Ex. 1.

     Following the filing of the entry summary, Customs concluded

that, because the paint brushes had natural bristles, they fell

within antidumping duty order No. A570-501-000, and therefore

were subject to an unfair trade duty of 351.92 percent.  Def.'s

Mem. Ex. 2; *see* Natural Bristle Paint Brushes and Brush Heads

from the People's Republic of China, 61 Fed. Reg. 52,917 (Dep't
of Commerce Oct. 9, 1996) (final results).  On January 8, 2004,
Customs sent an Informed Compliance Notice addressed to Mr.
Carmona, care of All Tools, stating that the paint brushes were
subject to this antidumping duty.  Def.'s Mem. Ex. 2.

     The Informed Compliance Notice also directed All Tools'
attention to a Customs Notice (Notice No. 2001-01 of Oct. 4,
2001) regarding the filing of non-reimbursement statements for
entries subject to antidumping duties.  Def.'s Mem. Ex. 2.  The
purpose of a non-reimbursement statement is to assure Customs
that the importer will not be repaid the antidumping duty by the
exporter or producer of the merchandise.  19 C.F.R.
§ 351.402(f)(1)-(2) (2009).  If an importer fails to file a non-
reimbursement statement, Commerce may presume that the exporter
or purchaser did, in fact, reimburse the importer for the
antidumping duties paid.  19 C.F.R. § 351.402(f)(3).  In cases
where Commerce relies on this presumption, it will treat the duty
as if it had been fully reimbursed, and will charge the importer
the duty a second time, in effect doubling the duty rate.  *See*
*Id*.  All Tools did not file a non-reimbursement statement until
February 17, 2006.  Def.'s Mem. Ex. 11.

     On September 13, 2004, having heard nothing from either Mr.
Carmona or All Tools, Customs sent a Notice of Action to Mr.
Carmona advising that "dumping duties of 703.84% [were to] be

assessed" on the entry as a non-reimbursement statement had not

been filed.  Def.'s Mem. Ex. 5; *see* 19 C.F.R. § 152.2.  Neither

Mr. Carmona nor All Tools responded to the Notice of Action.

Customs liquidated the entry on October 15, 2004 and assessed the

double duty rate.  Def.'s Mem. Ex. 6.

On January 14, 2005, 91 days after the liquidation of All

Tools' entry, Mr. Carmona filed a protest against liquidation on

the company's behalf, contesting the classification of the entry.[1]

Def.'s Mem. Ex. 7 ("Protest No. 1").  By seeking to have its

merchandise classified as being made of synthetic bristles, All

Tools was endeavoring to keep its merchandise from being subject

to antidumping duties.

Customs denied Protest No. 1 as untimely on January 18,

2005, stating that it was not filed within ninety days of the

liquidation.  Def.'s Mem. Ex. 8; *see* 19 U.S.C. § 1514(c)(3)(A)

(2000).[2]  Pursuant to 19 U.S.C. § 1514(a), an appeal of the denial

of Protest No. 1 could have been taken within 180 days of January

18, 2005.  All Tools did not appeal the denial of Protest No. 1

---

[1]     All Tools contended, in Protest No. 1, that the brushes
should have been classified as HTSUS No. 9603.40.40.60 "other
paint brushes," and further that the brushes were made of
synthetic filaments, and therefore not subject to the antidumping
duty order.  Def.'s Mem. Ex. 7.

[2]     Until the 2004 Amendments to the Tariff Act went into
effect on December 18, 2004, the time limit for protesting a
Customs classification determination was ninety days after notice
of liquidation or reliquidation.  *See* Amendments to the Tariff
Act of 1930, Pub. L. 108-429, § 1571 (amended 2004).

to this Court.

On September 2, 2005, Mr. Carmona filed a claim with Customs

pursuant to 19 U.S.C. § 1520(c)(1)[3] alleging a mistake of fact.

Def.'s Mem. Ex. 9 ("Carmona Letter").  The basis for Mr.

Carmona's claim was that the "Informed Compliance Notice [and

the] Notice of Action . . . treated Carmona as the 'importer'

when, in fact, All Tools was the 'importer.'" Carmona Letter 2.

Customs denied Mr. Carmona's claim on January 5, 2006, stating

that the circumstances "[did] not constitute clerical error,

mistake of fact or other inadvertence."  Def.'s Mem. Ex. 10.

On March 17, 2006, All Tools filed a protest with Customs to

contest the denial of Mr. Carmona's § 1520(c)(1) mistake of fact

------

[3]    19 U.S.C. § 1520(c)(1) (2000) was repealed on December
3, 2004 (Amendments to Tariff Act of 1930, Pub. L. 108-429, Title
II, § 2105 (amended 2004)), but was still in effect as to All
Tools' entry.  It stated:

> Notwithstanding a valid protest was not
> filed, the Customs Service may, in accordance
> with regulations prescribed by the Secretary,
> reliquidate an entry or reconciliation to
> correct—
>
> (1) a clerical error, mistake of fact,
> or other inadvertence, whether or not
> resulting from or contained in electronic
> transmission, not amounting to an error in
> the construction of a law, adverse to the
> importer and manifest from the record or
> established by documentary evidence, in any
> entry, liquidation, or other customs
> transaction, when the error, mistake, or
> inadvertence is brought to the attention of
> the Customs Service within one year after the
> date of liquidation or exaction[.]

claim.[4]  Def.'s Mem. Ex. 11 ("Protest No. 2").  On April 5, 2006,

Customs denied Protest No. 2.  Def.'s Mem. Ex. 12.

Following the denial of the protest, counsel for All Tools

asked Customs to assign a protest number to Protest No. 2 on four

occasions beginning on April 13, 2006, eight days after Customs

denied All Tools' protest as untimely, and ending on February 20,

2007.  Pl.'s Exs. B, C, D, E.  Customs assigned a protest number

on February 20, 2007, but has given no reason for its failure to

assign a number at an earlier date.  Pl.'s Mem. 2.

All Tools commenced this suit on July 3, 2007, 133 days

after receiving the protest number, seeking: (1) an order

reclassifying its merchandise ("Count I"); (2) an order "that the

dumping duties cannot be doubled in this case" ("Count II"); (3)

the reliquidation of its merchandise at the "at entered" rate

because deemed liquidation had occurred on August 26, 2004

("Count III"); and (4) an order "approving" Protest No. 2 and

ordering Customs to refund the duties ("Count IV").  *All Tools,*

*Inc. v. United States,* Court No. 07-00237, Summons (July 3,

2007); *All Tools, Inc. v. United States,* Court No. 07-00237,

Complaint (Apr. 2, 2008).  Prior to filing its summons, All Tools

paid the duties owed on the entry as required by 28 U.S.C.

---

[4]      All Tools, as the ultimate consignee, has standing to
file a protest "with respect to merchandise that is the subject
of a decision specified in [19 U.S.C. § 1514(a)]".  19 U.S.C.
§ 1514(c)(2)(A) (2006).

§ 2637(a).[5]  Pl.'s Resp. To June 29, 2010 Letter 1.  The summons

was filed some 896 days after the denial of Protest No. 1, and

274 days after the statutorily-prescribed time for appealing the

denial of Protest No. 2.  *See* 19 U.S.C. § 1514(a).

Defendant filed its motion for summary judgment on September

30, 2009.  Oral argument was held on April 8, 2010, after which

the court ordered additional briefing on a number of issues

concerning the § 1520(c)(1) mistake of fact claim.  *All Tools,*

*Inc. v. United States,* Court No. 07-00237 (Apr. 12, 2010) (order

for additional briefing).  On June 29, 2010, the court sent a

letter to the parties requesting information as to the status of

Mr. Carmona's interest in the matter.  *All Tools, Inc. v. United*

*States,* Court No. 07-00237 (June 29, 2010) (letter to parties

regarding Mr. Carmona).

Plaintiff asserts that this Court has jurisdiction to hear

its claims pursuant to 28 U.S.C. § 1581(a).  Pl.'s Mem. 6.  Under

28 U.S.C. § 1581(a), the United States Court of International

Trade has "exclusive jurisdiction of any civil action commenced

---

[5]     As part of his mistake of fact claim, Mr. Carmona
stated "it was a mistake of fact for Customs to look to Carmona
for payment of antidumping duties and interest and not All
Tools."  Carmona Letter 4.  Mr. Carmona, however, is not a party
to this suit, and both parties agree that, because All Tools paid
the duties before commencing suit, his claim is moot.  Pl.'s
Reply to June 29 Letter 2 ("Mr. Carmona does not have any
interest in this case.");  Def.'s Reply to June 29 Letter 3 ("[i]t
is our position that Mr. Carmona has no interest in the outcome
of this lawsuit.").

to contest the denial of a protest, in whole or in part . . . ."


## STANDARD OF REVIEW

The defendant's motion for summary judgment is based on its assertion that the court does not have jurisdiction over the Counts of All Tools' complaint.  "A jurisdictional challenge to the court's consideration of [p]laintiff's action raises a threshold inquiry." *Hartford Fire Ins. Co. v. United States*, 31 CIT 1281, 1285, 507 F. Supp. 2d 1331, 1334 (2007) (citations omitted).

Thus, before reaching the merits of plaintiff's Complaint, the court must rule on defendant's motion for summary judgment. "The party seeking to invoke this Court's jurisdiction has the burden of establishing such jurisdiction." *Autoalliance Int'l, Inc. v. United States*, 29 CIT 1082, 1088, 398 F. Supp. 2d 1326, 1332 (2005) (citations omitted).  To avoid dismissal, a plaintiff "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).


## DISCUSSION

The United States, on behalf of Customs, has moved for summary judgment on the basis that All Tools failed to file

timely its summons pursuant to 28 U.S.C. § 2636(a)(1).[6]  Such

timely filing is a prerequisite for the commencement of an action

before this Court under 28 U.S.C. § 1581(a).  *See AutoAlliance*

*Int'l, Inc. v. United States*, 26 CIT 1316, 1323, 240 F. Supp. 2d

1315, 1322 (2002) (finding that plaintiff's suit was barred

because plaintiff failed to file a summons in this Court within

180 days after Customs' ruling on the protests).

All Tools opposes the motion for summary judgment, but does

not dispute any of the jurisdictional facts.  Rather, All Tools

insists that its lawsuit was timely commenced because the

deadline for filing the summons was equitably tolled until

Customs issued a protest number for Protest No. 2.

The court finds that All Tools' complaint must be dismissed

for the following reasons.


I.  The Classification and Antidumping Duty Claim

Plaintiff's primary purpose in filing this suit is to gain

---

[6]    28 U.S.C. § 2636(a) reads, in part:

(a) A civil action contesting the
denial, in whole or in part, of a protest
under [19 U.S.C. § 1515] is barred unless
commenced in accordance with the rules of the
Court of International Trade—

(1) within one hundred and eighty days
after the date of mailing of notice of
denial of a protest under [19 U.S.C. §
1515(a)] . . . .

review of the classification of the paint brushes in its entry.
This is because if All Tools is successful in challenging the
classification, it will be able to place its merchandise outside
of the antidumping duty order, and thus keep it from being
subject to antidumping duties.

As noted, All Tools' protest of the classification of its
merchandise (Protest No. 1) was filed on January 14, 2005,
ninety-one days after its October 15, 2004 liquidation.  Customs
denied Protest No. 1 as untimely under 19 U.S.C. § 1514(a),
stating that it was filed one day late.  Def.'s Mem. Ex. 8; *see*
Def.'s Mem. Ex. 12 (referring to this protest as protest no.
490905200003).  To contest the finding that Protest No. 1 was
untimely filed, and thus to contest the classification of the
paint brushes and the resulting antidumping duties, All Tools was
required to file suit in this Court by July 18, 2005.  28 U.S.C.
§ 2636(a)(1) ("A civil action contesting the denial, in whole or
in part, of a protest . . . is barred unless commenced . . .
within one hundred and eighty days after the date of mailing of
notice of denial of a protest . . . .").  All Tools never sought
judicial review of Protest No. 1.

All Tools makes no claim that the time to file suit
contesting the denial of Protest No. 1 was tolled.  Because All
Tools did not file its lawsuit within 180 days of the denial of
Protest No. 1, the liquidation of the entry under HTSUS No.

9603.40.4040 as "Natural Bristle Brushes" became final and

conclusive as of July 18, 2005.  19 U.S.C. § 1514(a)[7].  Therefore,

All Tools is foreclosed from further contesting: (1) the paint

brushes' classification; and (2) the application of antidumping

duties resulting from such classification.[8]  *See* 28 U.S.C.

§ 2636(a)(1).  As a result, the claim for refunding antidumping

duties based on a misclassification of All Tools merchandise

contained in Count I of the complaint is dismissed.


II.  The Mistake of Fact Claim

     On January 8, 2004, Mr. Carmona was sent the Informed

Compliance Notice, care of All Tools, stating that the company's

merchandise was subject to the antidumping duties, and further

---

[7]      [D]ecisions of the Customs Service, including
         the legality of all orders and findings
         entering into the same, as to . . . the
         classification and rate and amount of duties
         chargeable . . . shall be final and
         conclusive upon all persons (including the
         United States and any officer thereof) unless
         a protest is filed in accordance with this
         section, or unless a civil action contesting
         the denial of a protest, in whole or in part,
         is commenced in the United States Court of
         International Trade in accordance with
         chapter 169 of title 28 within the time
         prescribed by section 2636 of that title.

19 U.S.C. § 1514(a).

[8]      Protest No. 1 made no mention of the doubling of the
antidumping duties as it sought to challenge the classification
of the merchandise and remove it from any antidumping duty
liabilities.

saying "[i]nsure that you abide by Notice No. 2001-01 of 10/04/01 regarding reimbursement statement." Def.'s Mem. Ex. 2. Thereafter, Mr. Carmona received the Notice of Action, dated September 13, 2004, informing All Tools that the double duty was to be assessed on the merchandise and that the entry was in the process of being liquidated. As noted, the entry was liquidated on October 15, 2004, and the double duties were assessed at that time. On September 2, 2005, Mr. Carmona filed a mistake of fact claim with Customs pursuant to 19 U.S.C. § 1520(c)(1). Def.'s Mem. Ex. 9.

The alleged mistake of fact was that the "Informed Compliance Notice [and the] Notice of Action . . . treated Carmona as the 'importer' when in fact All Tools was the 'importer.'" Carmona Letter 2. In other words, the mistake of fact alleged by Mr. Carmona was that he was being treated as the importer of the merchandise, rather than All Tools, for the purposes of filing the non-reimbursement statement.

The Carmona Letter did not challenge the application of the antidumping duty to All Tools' entry and, while it did take issue with the doubling of the duty because Mr. Carmona was incapable of filling out the non-reimbursement statement, it did not assert that the imposition of the double duty was a mistake of fact. That is, the mistake of fact asserted in the letter was that Mr. Carmona was wrongly treated as the entry's importer for purposes

of filing the non-reimbursement statement.   Under the then-existing law, a mistake of fact claim could have been made to Customs up to one year after liquidation and still be timely. *See* 19 U.S.C. § 1514(a).  Thus, Mr. Carmona's claim appears to have been timely.

On January 5, 2006, Customs denied Mr. Carmona's claim by stating that the allegations in his letter did "not constitute clerical error, mistake of fact or other inadvertence" and therefore did not fall within the bounds of 19 U.S.C. § 1520(c)(1).  Def.'s Mem. Ex. 10.  On March 17, 2006, All Tools filed a protest of Custom's denial of Mr. Carmona's § 1520(c)(1) mistake of fact claim.  Def.'s Mem. Ex. 11 ("Protest No. 2").  In Protest No. 2, All Tools reiterated its claim that Mr. Carmona could not file the non-reimbursement statement.  Def.'s Mem. Ex. 11.

Count II of the complaint addresses the claimed mistake of fact.  At paragraphs 22 through 24 of the complaint, All Tools alleges that Mr. Carmona "could not file an anti-reimbursement (sic) statement as he was not privy to the transaction between the exporter and the importer."  Compl. ¶ 23.

On February 17, 2006, 490 days after its merchandise was liquidated, All Tools filed a non-reimbursement statement. Def.'s Mem. Ex. 11.  Based on the claimed mistake that the Informed Compliance Notice wrongly instructed Mr. Carmona to file

the non-reimbursement statement, All Tools' Count II apparently

asks the court to direct Commerce to accept its late filed non-

reimbursement statement, rescind the doubling of the antidumping

duty, and reliquidate the entry at the 351.92 percent rate.

"Wherefore, the plaintiff respectfully requests the Court to

enter an order that the dumping duties in this case cannot be

doubled and that half of the dumping duties that have been paid

be refunded with interest."  Compl. ¶ 24.

In order for plaintiff to have the allegations contained in

Count II heard, however, its case must have been timely filed.

Plaintiff argues that the court has jurisdiction over this matter

because the deadline for filing the summons was equitably tolled

until the company received a protest number for Protest No. 2.

Thus, according to plaintiff, it was excused by defendant's

actions from filing its summons by October 2, 2006, 180 days

after Protest No. 2 was denied, and had until 180 days after

February 20, 2009, when it received the protest number, to bring

suit contesting Protest No. 2.  Plaintiff cites *DaimlerChrysler

Corp. v. United States* for the proposition that a protest number

was required for it to file its lawsuit contesting the denial of

a protest.  442 F.3d 1313 (Fed. Cir. 2006) ("*DaimlerChrysler*").

In *DaimlerChrysler*, plaintiff timely filed various suits

contesting the denial of protests relating to the duties on

"sheet metal [exported] to Mexico for painting and assembly into

motor vehicles, and then imported the vehicles into the United

States."  On its summons plaintiff listed some but not all of its

protests by protest number.  *Id*. at 1315 ("The schedule omitted

seven protests covering more than 400 entries . . . .").

Plaintiff later moved to amend its complaint to include the

entries covered by the protests for which it had omitted the

numbers, but the motion was denied.  In affirming the Court of

International Trade, the Federal Circuit found that "[t]he

essential jurisdictional fact—the denial of the protest—simply

cannot be affirmatively alleged without specifically identifying

each protest involved in the suit."  *Id*. at 1319; see *id.* at

1321-22 ("[A] summons can provide fair notice only if the

contested protests are identified with particularity. . . .

Daimler failed to identify the seven protests in the summons.

The summons was therefore insufficient to 'commence an action' in

the Court of International Trade as to the seven omitted protests

within the 180-day limitation period.").

     Plaintiff's reliance on *DaimlerChrysler* is misplaced.  This

is because the case does not hold that the inclusion of a protest

number is a prerequisite for the filing of a summons.  Rather, it

stands for the proposition that "a summons can provide fair

notice only if the contested protests are identified with

particularity."  *Id*. at 1321.  In keeping with this holding, this

Court has held that the inclusion of a protest number is not

necessary to commence a lawsuit contesting a protest denial and that identification by other means such as an entry number is sufficient to meet filing requirements.  *See Int'l Custom Prods., Inc. v. United States,* 32 CIT ___, ___, Slip Op. 08-53 at 2, n.3 (May 20, 2008) (not reported in the Federal Supplement); *see also, DaimlerChrysler v. United States*, 28 CIT 2105, 2106-07, 350 F. Supp. 2d 1339, 1341 (2004) (holding that "if the entries were listed and it was possible for the United States to relate the entry to the protest, . . . then jurisdiction would also attach").

   *DaimlerChrysler* involved eighty-one protests and hundreds of entries.  442 F.3d at 1316.  Here, as has been seen, the sole entry at issue was subject to two protests.  Plaintiff's lawsuit seeks to contest Protest No. 2.  Plaintiff insists that because it had no protest number for Protest No. 2, it was prohibited from filing its summons under the holding of *DaimlerChrysler*. There is little question, however, that if All Tools had filed a summons listing the entry number and the date that Protest No. 2 was denied, Customs would have received sufficient notice as to the company's claim and grounds upon which it rested.  There are, no doubt, other ways that plaintiff could have identified the protest it was disputing and thus have given defendant sufficient notice for plaintiff to commence the suit.  Thus, All Tools was not prevented from filing this action by Customs' failure to

assign a protest number.

With this in mind, the court turns to plaintiff's equitable tolling argument itself.  Equitable tolling is generally limited to situations either where a claimant "has been 'induced or tricked by his adversary's misconduct into allowing the filing deadline to pass'" or "where a claimant has actively pursued judicial relief by filing a defective pleading within the statutory time period . . . ."  *Former Emps. of Siemens Info. Commc'n Networks, Inc. v. Herman*, 24 CIT 1201, 1208, 120 F. Supp. 2d 1107, 1114 (2000) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("*Irwin*")).  In order to assert equitable tolling, the party claiming it must show that it has been diligent in preserving its legal rights.  *See Irwin*, 498 U.S. at 96 ("We have generally been much less forgiving in receiving late filings where the claimaint failed to exercise due diligence in preserving his legal rights.").

Because All Tools was not prevented from filing its case, either by defendant inaction or otherwise, equitable tolling is not available to it.  Here, while it is clear that Customs failed in its duty to supply the protest number, it is equally clear that, because All Tools could have filed its lawsuit, it was not induced by Customs' misconduct "into allowing the filing deadline to pass" and, as a result, the filing deadline was not tolled. That is, the plaintiff, who was represented by counsel, was not

prevented by Customs' failure to supply the protest number from filing its suit.  Thus, plaintiff has simply not made out a case that the filing deadline should be tolled based on Customs' behavior.

Nor can it be said that plaintiff can be found to have demonstrated such diligence as to justify equitable tolling. "Courts have found due diligence where a party made reasonable and sustained attempts to resolve questions or ambiguities and reasonably attempted to comply with the statutory time limits." *North Dakota Wheat Comm'n v. United States*, 28 CIT 1236, 1244, 342 F. Supp. 2d 1319, 1326 (2004) (citing *Former Emps. of Quality Fabricating, Inc. v. U.S. Sec'y of Labor*, 27 CIT 419, 424, 259 F. Supp. 2d 1282, 1286 (2003) (holding that plaintiff showed due diligence where plaintiff continuously emailed Department of Labor regional office, checked the Department of Labor website daily and visited the State of Pennsylvania Department of Labor Trade Adjustment Representative, yet was not informed she was consulting the wrong sources of information)).

As evidence of its diligence, All Tools notes that its counsel asked Customs to assign a protest number to Protest No. 2 on four occasions.  Pl.'s Mem. Exs. B, C, D, E.  Commerce finally assigned a protest number on February 20, 2007.  Pl.'s Mem. 2. For purposes of demonstrating due diligence, however, All Tools' efforts are unconvincing.  This is because the company made but

one request for a protest number prior to the time the statute of limitations had run its course.  All Tools made this single request for a protest number on April 13, 2006, shortly after the protest had been denied, and then took no further action until December 21, 2006, well past the 180-day period for bringing suit before this Court.  This falls short of the "repeated and sustained" attempts envisioned by the court in *Former Employees of Quality Fabricating* and, as such, All Tools did not make the necessary effort required to demonstrate the exercise of due diligence.

In addition, once the protest number was in hand, All Tools did not act in a diligent fashion to commence its suit.  Rather, it waited 133 days before filing its summons.

A claim that equitable tolling should be applied to a deadline to file suit against the government faces a high threshold, and the plaintiff must affirmatively show that either the actions of the government "induced or tricked" the plaintiff into filing its lawsuit after the deadline, or that the plaintiff has diligently attempted to preserve its legal rights, but did not meet the required deadline.  All Tools has failed to meet either of these requirements.  As such, the complaint contesting Protest 2 was filed late, and the court does not have jurisdiction over it.  *See* 28 U.S.C. § 2636(a).  Count II of the complaint is therefore dismissed.

III.  The Deemed Liquidation Claim

      Next, by Count III of the complaint, All Tools insists that
its entry was liquidated "by operation of law" pursuant to 19
U.S.C. § 1504(a), prior to the actual liquidation on August 26,
2004.  As has been noted, however, plaintiff seeks to invoke this
Court's jurisdiction pursuant to 19 U.S.C. § 1581(a).  In order
for the court to have jurisdiction over a claim under § 1581(a),
a challenged decision by Customs must appear in a valid protest.
*See, e.g., Novell Inc. v. United States*, 21 CIT 1141, 1142, 985
F. Supp. 121, 123 (1997) (holding that this Court's jurisdiction
under 28 U.S.C. § 1581(a) is limited to those civil actions that
contest the denial, either in whole or in part, of a protest).
All Tools' deemed liquidation claim is raised for the first time
in its complaint, and thus does not appear in a protest that
Customs has denied.  Therefore, the court does not have
jurisdiction under 19 U.S.C. § 1581(a) to hear All Tools' claim.
As such, Count III of the complaint is dismissed.


IV.  The Claim That The Court Should Approve Protest No. 2

      Finally, by Count IV, All Tools seeks an order from the
court directing Customs to "approve" Protest No. 2 and "refund
the duties with lawful interest."  Compl. ¶ 34.  This claim too
is based on the theory that All Tools' complaint, although filed
454 days after Protest No. 2 was denied, is nonetheless timely,

based on Customs' failure to assign the plaintiff a protest

number.  As has been seen, however, Count II of the Complaint,

which was based on Mr. Carmona's mistake of fact claim found in

Protest No. 2, has been found to have been untimely filed, and

therefore does not provide the basis necessary for subject-matter

jurisdiction, and has been dismissed.  For the same reasons,

Count IV of the complaint is dismissed.


## CONCLUSION

For the foregoing reasons, this case is dismissed.  Judgment

shall be entered accordingly.


                                          /s/ Richard K. Eaton
                                         Richard K. Eaton


Dated:     October 5, 2010
           New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                  :
ALL TOOLS, INC.,                  :
                                  :
                Plaintiff,        :
                                  :  Before: Richard K. Eaton, Judge
            v.                    :
                                  :  Court No. 07-00237
UNITED STATES,                    :
                                  :
                Defendant.        :
                                  :
_____:
```

JUDGMENT

Upon consideration of defendant the United States' motion for summary judgment and the memoranda and accompanying materials in support thereof, and the oppositions and replies and supporting materials thereto, and upon all the other papers and proceedings had herein, it is hereby

ORDERED that defendant's motion for summary judgment be, and hereby is, granted; and it is further

ORDERED that judgment is hereby entered in favor of defendant; and it is further

ORDERED that the above referenced case is dismissed.


                                    /s/ Richard K. Eaton
                                   Richard K. Eaton

Dated:    October 5, 2010
          New York, New York